### 52798. BANK OF THE SOUTH v. HAMMOCK.

SMITH, Judge.

This case involves a construction of the Act of 1974 (Ga. L. 1974, pp. 398, 404) amending Title 67 of the Georgia Code as it relates to the foreclosure of security interests in personalty by repealing prior Chapter 67-7 of the Georgia Code and enacting a new Chapter, which itself was amended by the Act of 1975 (Ga. L. 1975, pp. 1213, 1217) which struck certain sections, renumbered one, and enacted new § 67-709 through § 67-718.

Appellant, Bank of the South, brought an action against appellee, Emory W. Hammock, in the Civil Court of Fulton County seeking foreclosure of a security interest held by it on an automobile. The action was filed on April 8, 1976 and served by posting a notice on the premises and by mail on April 14, 1976, appellant applied for a writ of possession and on that date the trial judge ordered the issuance of the writ appellant electing surrender of the property "for retention or disposition in accordance with

Code Title 109A as amended." On the same day (whether before or after the order for issuance of the writ of possession does not appear) the appellee filed its "counter-affidavit" attacking the security instrument as being void on its face for certain stated reasons and further alleging that a prior action between the parties upon the same subject matter, giving the case number thereof, had terminated favorably to appellee and was res judicata. On May 8, 1976 appellee filed a motion to set aside the order for writ of possession on the same grounds urged in his "counter-affidavit." The trial judge ordered the writ of possession to abate until further order and set the matter down for a hearing, at which time he sustained the motion solely on the grounds of res judicata but not on the other grounds, and dismissed the complaint. The appellant appealed to this court.

1. Appellant contends the appellee was in default and was not entitled to set aside the "judgment" (ordering the issuance of the writ of possession) entered because the appellee was in "default," and a judgment could not be set aside except for a defect appearing on the face of the record (Section 60 of the Civil Practice Act (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; Code Ann. § 81A-160 (d)). Pretermitting any question as to whether or not this provision of the Civil Practice Act is applicable to the present case, it appears the appellee was not in default so as to bar him from setting up the defense of res judicata. Code § 67-704 reads: "At or before the time of hearing, the defendant may answer in writing. Also, the defendant may answer orally at the time of the hearing. If the answer is oral, the substance thereof shall be endorsed by the court on the petition. The answer may contain any legal or equitable defense or counterclaim. If the defendant fails to answer, the court shall grant a writ of possession and, *if otherwise permitted by this Chapter,* [emphasis supplied] the plaintiff shall be entitled to a verdict and judgment by default for all of the amount due, together with costs, in open court or chambers, as if every item and paragraph of the affidavit provided for in § 67-702 were supported by proper evidence without the intervention of a jury. If the defendant answers, a trial of any issue requiring trial shall be had in accordance with

the procedure prescribed for civil actions in courts of record. The trial shall not be held before seven days have elapsed from the date of the hearing. Every effort shall be made by the trial court to expedite a trial of the issues. The defendant shall be allowed to remain in possession of the secured property pending the final outcome of the litigation, provided that the defendant complies with the provisions of § 67-705."

No oral answer was endorsed on the petition nor does any other answer appear to have been filed at the time of the hearing on April 21, 1976, therefore, the order directing the issuance of the writ of possession was not unauthorized under this section; however, the appellee was not "in default" as to his legal or equitable defenses against recovery for the debt as there was a default as to the merits only "if otherwise permitted by this chapter." A default in this situation is not otherwise permitted by this chapter except as provided in Code § 67-715 which, at least where a writ for immediate possession is brought (which is not the case here), permits the filing of an answer "at any time prior to sale or other final disposition of the property by the levying officer or petitioner as provided under § 67-707 of this Chapter, but no later than 30 days after service as provided under § 67-713 of this Chapter . . ." If this section be applicable to the present case, the defendant was within time; if not applicable, there is no provision in the statute providing for the case being "in default" as to the debt. *Wallace v. Aetna Finance Co.,* 137 Ga. App. 580 (224 SE2d 517).

The issuance of an order for a writ of possession does not "affect the merits of the case and shall only affect the right of possession pending a final decision on the merits." Code § 67-705 (d). It appears therefore that the filing of the appellee's defense of res judicata at the stage of the proceedings at which it was filed was within time, and this defense was ripe for determination "in accordance with the procedure prescribed for civil actions in courts of record." Code § 67-715. And the trial judge, without objection and without a jury, having determined this matter in favor of the appellee, it was proper to vacate the order for the writ of possession, the matter on the merits having been determined adversely to the appellant.

2. The notice of appeal recites "no transcript of evidence and proceedings shall be filed for inclusion in the record on appeal." That the prior case, pled as res judicata upon which the judgment of the trial judge was based and which was referred to therein, does not appear in the record is insufficient to cause this court to reverse the trial judge. It was before him and referred to by him. In the absence of anything in the record before this court to indicate to the contrary, we will presume the "evidence" authorized his finding. The burden is on the appellant to show error. *Martin v. Britts Home Furnishings,* 137 Ga. App. 360 (223 SE2d 757).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED NOVEMBER 3, 1976 — REHEARING DENIED NOVEMBER 24, 1976 — 

*Johnston & McCarter, Stuart M. Neiman,* for appellant.
*Alton T. Milam,* for appellee.